```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF TEXAS
                          HOUSTON DIVISION


BILLY DALE CARTER,              §
TDCJ #625426,                   §
                                §
          Plaintiff,            §
                                §
v.                              §     CIVIL ACTION NO. H-05-4111
                                §
MR. ASCHBERGER, et al.,         §
                                §
          Defendants.           §
```

## MEMORANDUM OPINION AND ORDER

Billy Dale Carter, a Texas prisoner, has filed a civil rights complaint under 42 U.S.C. § 1983 against officials at the Holliday Transfer Facility of the Texas Department of Criminal Justice - Correctional Institutions Division.  Carter has not paid the filing fee.  He has a history of filing frivolous complaints and has been barred from filing appeals or submitting pleadings in district courts within the jurisdiction of the United States Court of Appeals for the Fifth Circuit.  Carter v. Gonzales, No. 96-50099 (5th Cir. Feb. 18, 1997).  Therefore, the court will dismiss this action.

Carter's complaint concerns events that occurred at the Holliday Unit.  He states that he has been denied adequate health care as well as access to services enabling him to file legal pleadings.  He alleges that he is diabetic and requires a specific

meal schedule, which has not been provided. He further asserts that he needs special footwear that has been taken away from him and that he was denied treatment for a pinched nerve in his neck. Carter was supposedly frustrated in his attempts to resolve his problems and was denied access to a notary public.

He requests that this court order the defendants to provide him with a capable physician, a medical evaluation, proper medication, and orthopedic boots. He also seeks an order requiring the defendants to provide him access to the grievance system and an opportunity to practice his religion. The court has been notified that Carter is no longer incarcerated at the Holliday Unit. See Docket Entry No. 3.

Carter filed numerous complaints while he was in prison; and at least three of these were dismissed as frivolous prior to the filing of this action. See Carter v. Edwards, No. 5:00cv097 (W.D. Tex. Sept. 18, 2000), citing Carter v. Gonzales, No. 5:94cv553 (W.D. Tex. Oct. 24, 1994); Carter v. Waldrum, No. 5:94cv959 (W.D. Tex. July 24, 1995); Carter v. Heyen, No. 94cv957 (W.D. Tex. July 24, 1995). Because of this Carter has been denied leave to file a lawsuit without paying the filing fee in advance. Id.

Barring a showing of imminent danger, under the Prison Litigation Reform Act of 1995 a prisoner may not file an action without prepayment of the filing fee if he has, on three or more prior occasions, filed a prisoner action in federal court or an

appeal in a federal court of appeals that was dismissed as frivolous or malicious.  28 U.S.C. § 1915(g); <u>Adepegba v. Hammons</u>, 103 F.3d 383, 385 (5th Cir. 1996).  Carter has failed to show that he is in any immediate danger of being harmed.  Moreover, his apparent transfer from Holliday would moot any such claim.  <u>Cooper v. Sheriff, Lubbock County, Texas</u>, 929 F.2d 1078, 1084 (5th Cir. 1991).  Consequently, Carter has failed to show that he is eligible to proceed as a pauper.  <u>Choyce v. Dominguez</u>, 160 F.3d 1068, 1071 (5th Cir. 1998).

Accordingly, the court **ORDERS** that this prisoner action is **DISMISSED**.  28 U.S.C. § 1915(g).

**The Clerk shall provide a copy of this Memorandum Opinion and Order to the TDCJ - Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, TX 78711; and to the Clerk of the United States District Court for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention:  Betty Parker.**

**SIGNED** at Houston, Texas, on this the 12th day of May, 2006.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE